UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| FRED SAMSON, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. 09-cv-1165 |
| § | |
| COLONIAL COUNTY MUTUAL § | |
| NATIONWIDE INSURANCE § | |
| COMPANY, § | |
| § | |
| Defendant. § | |

## MEMORANDUM AND ORDER

Pending before the Court is the Motion to Dismiss Plaintiff's Complaint of Defendant Colonial County Mutual Nationwide Insurance Company ("Colonial") (Doc. No. 12). For the following reasons, Defendant's Motion must be granted.

### I.   BACKGROUND

In his Complaint (Doc. No. 11), Plaintiff Fred Samson alleges that Defendant committed fraud through filing a subrogation claim for property damages sustained to the vehicle of Defendant's insured. Plaintiff alleges that the car claimed as being damaged is not in fact the car that was damaged in the accident in question. Plaintiff sues Defendant for fifty million dollars in money damages, alleging fraud, conspiracy, various civil right violations, and violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"). Defendant now moves to dismiss the claim on several grounds, including a failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6).

### II.   LEGAL STANDARD

1

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). When considering a Rule 12(b)(6) motion to dismiss, a court must "accept the complaint's well-pleaded facts as true and view them in the light most favorable to the plaintiff." *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. ---, 129 S.Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570).

### III. ANALYSIS

This Court finds that Plaintiff's Complaint fails to allege facts sufficient to raise the right to relief above a speculative level. Plaintiff's Complaint states that Defendant committed fraud by demanding money damages for a "Jaguar XJ 6, 1995," and that this car was not involved in an accident between Plaintiff and Defendant's insured. (Pl. Compl. at 3.) Aside from this statement, Plaintiff provides virtually no factual support for his allegations and gives no information whatsoever as to the specific fraudulent acts for which he seeks relief. Instead, Plaintiff recites the elements of several provisions of the United States Code, including various provisions of RICO. This Complaint falls significantly short of the pleading standard laid out in *Twombly* and *Iqbal*. Therefore, this

Court finds that Plaintiff's Complaint must be dismissed for failure to state a claim upon which relief can be granted.[1]

## IV. CONCLUSION

Defendant's Motion to Dismiss for failure to state a claim (Doc. No. 12) is hereby **GRANTED**. Defendant's Motion to Dismiss for lack of subject matter jurisdiction (Doc. No. 7), Motion to Dismiss for insufficient service of process (Doc. No. 8), and Motion to Dismiss for failure to state a claim (Doc. No. 9), all filed prior to Plaintiff's Amended Complaint, are **DENIED AS MOOT**.

**IT IS SO ORDERED.**

**SIGNED** this 23rd day of November, 2009.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

---

[1] Defendant asserts in its Motion that the exact claims in this case are also being litigated in the 295th Judicial District Court of Harris County, Texas. Although the Court does not rest its holding on this basis, it nonetheless acknowledges that this fact further counsels in favor of dismissal.